UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| EDDIE ARMALL JULIAN #144888, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:09-cv-6 |
| | ) | |
| v. | ) | HON. ROBERT HOLMES BELL |
| | ) | |
| GERALD HOFBAUER, et al., | ) | |
| | ) | **OPINION** |
| Defendants. | ) | |
| _____ | ) | |

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.        Factual Allegations

Plaintiff Eddie Armall Julian #144888, an inmate at the Marquette Branch Prison (MBP), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Gerald Hofbauer, Acting Assistant Deputy Warden K. Niemisto, Resident Unit Manager Char Mullen, Record Office Supervisor Sally Gormley, Assistant Resident Unit Supervisor Mark Pokley, and Mail Personnel K. McCarthy. Plaintiff alleges in his complaint that the United States and the State of Michigan are both bankrupt and dissolved as evidenced by the Emergency Baking Relief Act of March 9, 1933. Plaintiff asserts that he was made a citizen of the United States and the State of Michigan without ever consenting to such action. Plaintiff claims that Defendants' "official notorious custom" prevents MDOC employees from reporting the violation of policy by other staff.

Plaintiff alleges that he was improperly prevented from obtaining certain law books. Plaintiff states that Defendants McCarthy, Pokley, Mullen and Niemisto found that "Starlite Publication, Inc." was illegally peddling law books in order to prevent Plaintiff from obtaining such books. Plaintiff states that beginning in September of 2002, he filed and exhausted approximately 55 grievances, all of which asserted his inability to access the courts. Plaintiff states that beginning in 2006, he attempted to obtain and use the Uniform Commercial Code (UCC), Bankruptcy Code, and United States Code, for the purpose of researching and preparing complaints, such as habeas corpus cases, admiralty maritime cases, bankruptcy proceedings, and private tort actions.

Attached to Plaintiff's complaint is an affidavit of a Deborah Hardy, who is the wife of inmate Houston Hardy #471033. Ms. Hardy attests that she and the families of five other inmates had been attempting to get the MDOC to allow prisoners access to the Bankruptcy Code and the

UCC, as well as other documents. She further states that at the request of her husband and Plaintiff, who is the group leader, she ordered a law book entitled Uniform Commercial Code 2005 Edition from Starlite Publication Inc. Before she was advised of any problem with Starlite Publication Inc., she ordered a second book entitled Federal Civil Procedure and Rule. Subsequently, Ms. Harcy was informed by her husband that there was a problem with the vendor. On June 30, 2008, Plaintiff sent Ms. Hardy a copy of the hearing report, which determined that Starlite had been illegally peddling books to inmates as if it was a publisher, but that in reality there was no such publisher. Starlite was determined to be an unauthorized vendor.

Plaintiff also attached the affidavit of inmate Charles Francis Korn, who attest that Defendant Pokley told him that the reason that Starlite was an unauthorized vendor was because Starlite was "just a bunch of thieves preying on inmates and their families." Plaintiff asserts that these findings regarding Starlite are false and that Defendants merely wish to deprive prisoners of the right to posses law books. Plaintiff claims that Defendants' conduct violated his First Amendment rights. Plaintiff seeks damages.

  II. <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of

substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's complaint contains voluminous allegations regarding the alleged denial of certain legal materials from Starlite Publishing, including the UCC, the Bankruptcy Code, and the United States Code, which interfered in Plaintiff's ability to bring a variety of actions against prison officials. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Id.* at 351 (1996). Further, the right may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975 (6th Cir. March 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. March 17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov. 8, 1985).

To state a claim, an inmate must show that any shortcomings in the library, litigation tools, or legal assistance caused actual injury in his pursuit of a legal claim. *Lewis*, 518 U.S. at 351; *Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). Particularly, an inmate cannot show injury when he still has access to his legal materials by request, *Kensu*, 87 F.3d at 175, when he fails to state how he is unable to replicate the confiscated documents, *Vandiver*,

1994 WL 677685, at *1, or when he could have received the material by complying with the limits on property, e.g., where he had the opportunity to select the items that he wanted to keep in his cell, or when he had an opportunity to purchase a new footlocker that could hold the property. *Carlton v. Fassbender*, No. 93-1116, 1993 WL 241459, at *2 (6th Cir. July 1, 1993).

Further, in order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In this case, Plaintiff fails to allege any specific facts in support of his assertion that he required the UCC, the Bankruptcy Code or any of the other legal books in order to file a direct appeal, a habeas corpus application, or a civil rights claim. In addition, because Plaintiff's criminal conviction dates back to 1976 (http://www.state.mi.us/mdoc/asp/otis2profile.asp?

mdocNumber=144888), any habeas corpus action would be barred by the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Therefore, Plaintiff's access to courts claims are properly dismissed.

Plaintiff's remaining contentions concern the procedures regarding the nonacceptance of the law books. Plaintiff contends that Starlite was improperly found to be an unauthorized vendor. Both the Supreme Court and the Sixth Circuit have upheld the constitutional validity of rules rejecting mail that is not from a publisher or approved vendor. These rules are specifically designed to prevent the introduction of contraband into the prison. *See Bell v. Wolfish*, 441 U.S. 520 (1979); *Ward v. Washtenaw County Sheriff's Dep't*, 881 F.2d 325 (6th Cir. 1989); *see also Fowler v. McGinnis*, No. 94-1468, 1994 WL 54592, at *2 (6th Cir. Oct. 5, 1994); *Spruytte v. Feighner*, No. 93-2009, 1994 WL 32669, at *1 (6th Cir. Feb. 4, 1994); *Ballard v. City of Inkster*, No. 92-1203, 1992 WL 301278, at *2 (6th Cir. Oct. 21, 1992); *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991); *Bell-Bey v. Root*, No. 90-1820, 1991 WL 23540 (6th Cir. Feb. 25, 1991). Therefore, Plaintiff's claim regarding the denial of law books from Starlite Publication, Inc. is properly dismissed.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no

good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

        This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

        A judgment consistent with this opinion will be entered.


Dated: <u>May 8, 2009</u>　　　　　　　　　　　　/s/ Robert Holmes Bell　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE